

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

CURT BECK
*Special Assistant Corporation Counsel*
Tel.: (212) 356-3524
cbeck@law.nyc.gov

October 16, 2013

**VIA ECF**

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:     <u>Ralph Sams v. The City of New York</u>, 13 CV 2368 (BMC)

Dear Judge Cogan:

      As you know, I represent defendants City of New York and Detective Fawad Khan in the captioned litigation. I write sincerely to apologize for my misunderstanding of Your Honor's Orders at the September 26 Conference and to file this letter motion respectfully requesting that Your Honor reconsider the extreme sanction of financially sanctioning defendants in the amount of $500.[1]

      At the September 26 Conference, Your Honor expressed your displeasure at the lackadaisical pace of this litigation. Indeed, Your Honor was so displeased that you imposed sanctions on both plaintiff and defendants, but held them in abeyance and promised to vacate them if the parties completed discovery and submitted the Joint Pre-Trial Order by December 27, 2013.

      During the course of the September 26 Conference, I explained to Your Honor that defendants were waiting for plaintiff to supply the errata sheet[2] for his 50-h hearing so that

---

[1] Your Honor knows the standards for reconsideration. Accordingly, defendants will not burden this letter motion with them here.

[2] As everyone agreed at the September 26 Conference, under the CPLR, plaintiff had 60 days, until November 25, to provide the errata sheet.

defendants could rely upon the 50-h transcript during plaintiff's deposition. If defendants waited until the statutory 60 days had elapsed, discovery would already have been concluded. Therefore, I was attempting to get an agreement from plaintiff's counsel that he would forego the statutory provision and provide the errata sheet by October 4 so plaintiff's deposition could go forward on October 10 or 11, which were the dates that plaintiff had proposed for his deposition.

Also during the conference, Your Honor chastised us for attempting to accommodate each other to the point where discovery was being delayed. You further directed us to come to Your Honor if, within 72 hours of a discovery issue, that issue remained unresolved.

It was that directive from Your Honor that caused me to write Docket Entry # 18. After the conference, I emailed plaintiff's counsel requesting that he confirm in writing that he would send plaintiff's errata sheet by October 4 so defendants could depose plaintiff on October 10th or 11th as he preferred. I did not receive a responsive email and I attempted to call him once, but I did not get a return call.[3] Consequently, after 72 business hours had elapsed[4] and I had not received any confirmation or communication from plaintiff's counsel, I felt compelled by Your Honor's words at the September 26 Conference to write to the Court.

My goal was to inform the Court that I had been unable to obtain plaintiff's confirmation that the errata sheet was forthcoming. I felt compelled to make a record so that, in the event that discovery was further delayed, Your Honor would know that defendants were attempting to move discovery forward. I was very concerned that if I did not write to the Court within 72 business hours of making the request to plaintiff's counsel, the Court at some point would rule that defendants had waived plaintiff's deposition.

I certainly never intended to mischaracterize or misrepresent anything to the Court. I recognize now that I overcompensated for what Your Honor said at the September 26 Conference due to miscommunication and an error in judgment, but in good faith. For these reasons, defendants respectfully request that Your Honor lift the sanction imposed on October 3, 2013.

Respectfully submitted,

Curt P. Beck

---

[3] Because plaintiff's counsel advised me orally, immediately after the September 26 conference, only that he would "try" to get the errata sheet to me by October 4, see Letter of October 3, Docket Entry # 19, the purpose of my email and follow-up phone call were to firm-up that commitment in writing.

[4] I did not count Friday, September 27, or the weekend towards the 72 hours because I knew from Docket Entry # 17 that Plaintiff's counsel was out of town during that time, and I did not know what access he had to email while away.

cc:    Celeste Koeleveld, Esq.
        Executive Assistant Corporation Counsel (by Hand)
    Muriel Goode-Trufant, Esq.
        Division Chief, Special Federal Litigation Division (by Hand)
    Paul Hale, Esq. (by ECF)